IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ESTATE OF ERIC JACK LOGAN, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-CV-495-PPS-MGG |
| | ) | |
| CITY OF SOUTH BEND and | ) | |
| RYAN O'NEILL, in his individual capacity | ) | |
| and his official capacity as a Sergeant of | ) | |
| South Bend Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, City of South Bend and Ryan O'Neill, by counsel, answer Plaintiff's Complaint as follows:

## INTRODUCTION

1.     This case is about the shooting death of an African American, 54-year-old father of seven, Eric Jack Logan, by Sergeant Ryan O'Neill, a white South Bend police officer.

**ANSWER:     Defendants deny the material allegations contained in paragraph 1 of Plaintiff's Complaint.**

2.     Defendant O'Neill was accused of making racist comments by a fellow patrolman eleven years ago and it did not result in any discipline against Defendant O'Neill.

**ANSWER:     Defendants admit that an accusation was made against Defendant O'Neill and that no discipline resulted from the accusation.     After investigation, the accusation was found to be unsubstantiated.**

3.      Despite the City of South Bend issuing body cameras to be worn by all of its patrol officers just a year ago, at a cost of $1.5 million, there is curiously no video of Sgt. O'Neill's interaction with Eric Jack Logan.

**ANSWER:      Defendants deny the material allegations contained in paragraph 3 of Plaintiff's Complaint.**

4.      Defendant Sgt. O'Neill claims that he did not activate his body camera when he could have easily done so by pressing a button on his wrist.

**ANSWER:      Defendants admit that Defendant O'Neill did not activate his body camera prior to the incident.    Defendants deny the remaining material allegations contained in paragraph 4 of Plaintiff's Complaint.**

5.      This action, brought pursuant to 42 U.S.C. § 1983, seeks some measure of redress for the actions of Defendant Sgt. O'Neill in the early hours of the morning on Father's Day 2019.

**ANSWER:      Defendants admit Plaintiff brought this action pursuant to 42 U.S.C. § 1983, but deny the remaining material allegations contained in paragraph 5 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

**ANSWER:      Defendants admit the material allegations contained in paragraph 6 of Plaintiff's Complaint.**

7.      Venue is proper under 28 U.S.C. § 1391(b).     The events giving rise to the claims asserted herein all occurred within this district.

**ANSWER:     Defendants admit the material allegations contained in paragraph 7 of Plaintiff's Complaint.**

### PARTIES

8.      Eric Jack Logan ("Eric," the "decedent"), age 54, resided in South Bend, St. Joseph County, Indiana.     Surviving him are his seven (7) children and his mother.

**ANSWER:     Defendants are without sufficient information and/or knowledge to either admit or deny the material allegations contained in paragraph 8 of Plaintiff's Complaint.**

9.      On June 25, 2019, Eric's daughter, Danielle P. Logan, was appointed as Personal Representative of the ESTATE OF ERIC JACK LOGAN, deceased, by the St. Joseph County Probate Court.

**ANSWER:     Defendants are without sufficient information and/or knowledge to either admit or deny the material allegations contained in paragraph 9 of Plaintiff's Complaint.**

10.      Defendant, CITY OF SOUTH BEND is a municipal corporation under the laws of the State of Indiana.

**ANSWER:     Defendants admit the material allegations contained in paragraph 10 of Plaintiff's Complaint.**

11.      Defendant RYAN O'NEILL ("O'Neill") is a sworn officer of the South Bend Police Department ("SBPD") with the rank of Sergeant and was acting under the color of law when the events described below occurred.

**ANSWER:** **Defendants admit the material allegations contained in paragraph 11 of Plaintiff's Complaint.**

## FACTUAL ALLEGATIONS

12.     On Sunday, June 16, 2019, at approximately 3:23 a.m., a 911 call was made to report that someone is breaking into cars.

**ANSWER:** **Defendants admit the material allegations contained in paragraph 12 of Plaintiff's Complaint.**

13.     At approximately 3:27 a.m., South Bend law enforcement was reportedly notified.

**ANSWER:** **Defendants admit the material allegations contained in paragraph 13 of Plaintiff's Complaint.**

14.     At approximately 3:30:12 a.m., O'Neill radios local dispatch that he is en route to the Central High Apartments.

**ANSWER:** **Upon information at this time, Defendants admit that Defendant O'Neill radioed to dispatch that he was en route to the Central High Apartments, but Defendants deny the time listed in paragraph 14 of Plaintiff's Complaint is accurate.**

15.     Defendant O'Neill arrives at the Central High Apartments twenty-two (22) seconds later at 3:30:34 a.m.

**ANSWER:** **Upon information at this time, Defendants admit that Defendant O'Neill did arrive at the Central High Apartments, but Defendants are unable to either admit or deny the time alleged in paragraph 15 of Plaintiff's Complaint as the accurate time of arrival.**

16.     Defendant O'Neill reportedly saw an individual's legs and buttocks hanging out of the driver's side window in a car and questioned him whether the car belonged to him.

**ANSWER:     Defendants deny the material allegations contained in paragraph 16 of Plaintiff's Complaint.    Defendant O'Neill saw a person standing with the driver side door open and the upper body inside the car, thus with only the legs and buttocks visible outside of the car.   Defendant O'Neill asked the individual whether the vehicle belonged to the individual.**

17.     Defendant O'Neill claims the individual was Eric Jack Logan and Eric responded "yes".

**ANSWER:     Defendants admit that the individual responded, "yes," but deny Defendant O'Neill knew at that time that the individual's name was Eric Jack Logan.**

18.     Defendant O'Neill further claims that Eric had a knife in his hand and was advancing toward him.    Defendant O'Neill did not attempt to de-escalate the situation and immediately chose to draw his service weapon and pointed it at Eric.

**ANSWER:     Defendants admit that Mr. Logan had a knife in his hand and advanced toward Defendant O'Neill.   Defendants deny the remaining material allegations contained in paragraph 18 of Plaintiff's Complaint.**

19.     Defendant O'Neill discharged his weapon twice and shot Eric once in the right abdomen.

**ANSWER:     Defendants admit the material allegations contained in paragraph 19 of Plaintiff's Complaint.**

20.     Defendant Sgt. O'Neill claims to have not activated his body worn camera during this interaction when he could have easily done so by pressing a button on his wrist control.

**ANSWER:     Defendants admit that Defendant O'Neill did not activate his body camera, but deny the remaining material allegations contained in paragraph 20 of Plaintiff's Complaint.**

21.     At 3:33:09 a.m., Defendant O'Neill radios "shots fired" and reportedly requests an ambulance.

**ANSWER:     Defendants admit that Defendant O'Neill radioed dispatch that shots had been fired, and Defendant O'Neill did request an ambulance to the scene. Defendants deny the radio call was at 3:33:09 a.m.**

22.     At 3:33:20 a.m., six or seven other SBPD officers arrive on the scene.

**ANSWER:     Defendants admit multiple officers arrived on scene, but Defendants deny the time was 3:33:20 a.m.**

23.     At 3:35:14, SBPD Officer Aaron Knepper, didn't wait for an ambulance to arrive to the scene, but instead decided to transport Eric in the back of a squad car to Memorial Hospital in South Bend where he was later pronounced dead.

**ANSWER:     Defendants admit the material allegations contained in paragraph 23 of Plaintiff's Complaint.**

**COUNT I:**
**42 U.S.C. § 1983**
**Excessive Deadly Force**

24.     Plaintiff repeats and realleges paragraphs 1-23 as though fully restated herein.

**ANSWER:** **Defendants resubmit their answers to paragraphs 1-23 as though fully restated herein.**

25.     As described in the preceding paragraphs, Defendant O'Neill's actions toward Eric Jack Logan violated his constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:** **Defendants deny the material allegations contained in paragraph 25 of Plaintiff's Complaint.**

26.     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others.     In addition, the misconduct and excessive force, including use of deadly force, described in this Count "shocks the conscience."

**ANSWER:** **Defendants deny the material allegations contained in paragraph 26 of Plaintiff's Complaint.**

**COUNT II:**
**42 U.S.C. § 1982**[1]
**Equal Protection**

27.     Plaintiff repeats and realleges 1-23 as though fully restated herein.

**ANSWER:** **Defendants resubmit their answers to paragraphs 1-23 as though fully restated herein.**

28.     In the manner described in this Complaint, Defendant O'Neill violated Plaintiff's constitutional rights intentionally subjecting him to unlawful, unequal treatment

---

[1]Defendants believe that Plaintiff made a scrivener's error as 42 U.S.C. § 1982 is not the proper statute under which to bring an Equal Protection claim; Defendants believe Plaintiff intended to refer to 42 U.S.C. § 1983.

on the basis of his race in violation of the Fourteenth Amendment of the United States Constitution.

**ANSWER:** **Defendants deny the material allegations contained in paragraph 28 of Plaintiff's Complaint.**

29.     Defendant O'Neill's conduct created discriminatory effect by targeting Eric Jack Logan for police action based on his race.

**ANSWER:** **Defendants deny the material allegations contained in paragraph 29 of Plaintiff's Complaint.**

30.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Eric Jack Logan's constitutional rights.

**ANSWER:** **Defendants deny the material allegations contained in paragraph 30 of Plaintiff's Complaint.**

**COUNT III:**
**42 U.S.C. § 1983**
**Municipal Liability: *Monell***

31.     Plaintiff repeats and realleges paragraphs 1-23 as though fully restated herein.

**ANSWER:** **Defendants resubmit their answers to paragraphs 1-23 as though fully restated herein.**

32.     As described in the preceding paragraphs, the misconduct described in Counts I and II was undertaken under the policy and practice of the City of South Bend, such that Defendant City of South bend [sic] is also liable, in that:

> a.      As a matter of both policy and practice, the City of South Bend encourages, and is thereby the moving force behind, the very type of misconduct at issue in Counts I and II by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference.

b. As a matter of both policy and practice, the City of South Bend facilitates the very type of misconduct at issue in Counts I and II by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading South Bend police officers to believe their actions will never be meaningfully scrutinized.   Accordingly, in that way, the City of South Bend directly encourages future uses of excessive deadly force and race-based policing such as those Plaintiff complains of;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the South Bend Police Department violate the constitutional rights of individuals in a manner similar to that alleged by Eric Jack Logan in Count I and II on a regular basis, yet the South Bend Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

**ANSWER:** **Defendants deny the material allegations contained in paragraph 32 of Plaintiff's Complaint.**

33. As a result of the City of South Bend's policies and practices, and the unjustified and unreasonable conduct of the Defendant O'Neill, Plaintiff has suffered injuries, including severe emotional distress and ultimately the death of Eric Jack Logan.

**ANSWER:** **Defendants deny the material allegations contained in paragraph 33 of Plaintiff's Complaint.**

WHEREFORE, Defendants, City of South Bend and Ryan O'Neill, by counsel, pray Plaintiff takes nothing by way of its Complaint, and for all other just and proper relief.

## **AFFIRMATIVE DEFENSES**

Defendants, City of South Bend and Ryan O'Neill, provide the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      For any force that was used, Defendant O'Neill used an objectively reasonable amount of force necessary to protect the safety of Defendant O'Neill.

3.      Defendant O'Neill is entitled to immunity and/or qualified immunity for all and/or a portion of the claims asserted.

4.      Plaintiff cannot demonstrate any custom, practice or policy to sustain a claim under the Fourth or Fourteenth Amendment against the City of South Bend.

5.      Plaintiff cannot demonstrate that Defendant O'Neill's actions were the result of any unlawful or unequal treatment of the decedent on the basis of race; Defendant O'Neill's actions in defending himself would have been the same regardless of the race of Eric Logan.

6.      Defendants reserve the right to amend their answer to assert any and all affirmative defenses that may become apparent as the matter develops.

7.      Defendant O'Neill's actions were justified in light of Eric Logan's behavior and conduct, which placed O'Neill at risk of serious bodily injury or death.

WHEREFORE, Defendants, City of South Bend and Ryan O'Neill, by counsel, pray Plaintiff takes nothing by way of its Complaint, and for all other just and proper relief.

Respectfully submitted,

 s/ Peter J. Agostino
Peter J. Agostino                        (#17065-71)
Stephanie L. Nemeth                 (#25721-71)
ANDERSON, AGOSTINO & KELLER, P.C.
131 S. Taylor Street
South Bend, IN 46601
Telephone:    574.288.1510
Facsimile:    574.288.1650
E-mail: agostino@aaklaw.com
                nemeth@aaklaw.com

*Attorneys for Defendants*

## **REQUEST FOR TRIAL BY JURY**

Defendants, by counsel, request a trial by jury of this matter.

 s/ Peter J. Agostino
Peter J. Agostino                    (#10765-71)