UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Estate of ERIC JACK LOGAN, Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:19-CV-495-DRL-MGG |
| ) | |
| CITY OF SOUTH BEND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On December 13, 2019, non-party St. Joseph County Metro Homicide Unit ("SJCMHU") filed its Petition to Intervene. [DE 19]. SJCMHU filed the instant motion in direct response to Plaintiff's Motion to Compel [DE 18], which asks the Court to enforce a non-party subpoena served on SJCMHU for production of information and objects related to the investigation of Eric Logan's death. Through its Motion to Intervene, SJCMHU contends that it "has a right under Rule 24 to intervene in this case for the purpose of opposing [Plaintiff's] Motion to Compel." [DE 19 at 1, ¶ 3]. SJCMHU then filed its brief in opposition to Plaintiff's Motion to Compel on December 23, 2019, before the instant Motion to Intervene was ripe. [DE 26, DE 27].

On January 15, 2020, Plaintiff timely filed a response to SJCMHU's motion to intervene arguing that it is now moot because SJCHMU already filed its response to the pending Motion to Compel. [DE 36]. The Motion to Intervene became ripe for decision by this Court on January 23, 2020, without any reply brief being filed. Therefore, the

Court can only assume that SJCHMU agrees with or does not oppose Plaintiff's argument.

Neither SJCHMU's Motion nor Plaintiff's response, however, present any analysis of the proper application of Fed. R. Civ. P. 24 to SJCHMU's request. Rule 24 includes the following rules governing permissive intervention.[1] "On timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). SJCMHU has not argued that a federal statute permits its intervention or that it has a claim or defense that share a common question of law or fact with this case. Additionally, as a state governmental agency, SJCMHU could have argued that its intervention was permissible because a claim or defense in this action was based on "a statute or executive order [it] administered" or "any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2). It has not.

Therefore, SJCMHU has failed to demonstrate that permissive intervention under Fed. R. Civ. P. 24 is appropriate in this case. SJCMHU has not shown that it has any claim or defense related to this case. SJCMHU has also failed to show that intervention is necessary to allow a non-party to file a response in opposition to a party's motion to compel.[2] *See* Fed. R. Civ. P. 45(d)–(e).

---

[1] Nothing in the record hints that SJCMHU either seeks or may be entitled to intervention as of right. *See* Fed. R. Civ. P. 24(a). Therefore, the Court only considers the possibility of permissive intervention based on SJCMHU's motion.

[2] Fed. R. Civ. P. 45(d)–(e) specifically provides that non-parties may object to production or inspection based upon undue burden, expense, and/or privilege. Here, SJCMHU has filed a response in opposition

Accordingly, the Court **DENIES** SJCMHU's Motion to Intervene. [DE 19].

SJCMHU's response brief [DE 26, DE 27] is **DEEMED** timely and properly filed.

**SO ORDERED** this 27th day of January 2020.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

---

to Plaintiff's Motion to Compel, which protects its interest and provides an opportunity to be heard by this Court.